# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSHUA ANDREW COPENHAVER,

        **Plaintiff,**           **CIVIL ACTION NO. 04-CV-74015-DT**

vs.

                                  **DISTRICT JUDGE GERALD E. ROSEN**

TRAVIS JONES, et. al.,         **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Defendants' Motion to Dismiss (Docket # 29) should be **GRANTED** as Plaintiff has failed to exhaust his administrative remedies as to any of his claims. Plaintiff's Motion to Dismiss Certain Defendants (Docket # 37) should be **DENIED** as moot.

\*\*\*

Plaintiff was allowed to proceed *in forma pauperis* and filed the instant complaint on October 21, 2004 pursuant to 42 U.S.C. § 1983. On November 10, 2004, the Court dismissed Plaintiff's claims against Michigan Governor Jennifer Granholm and Attorney General Michael Cox based on lack of personal involvement. The remaining Defendants are Travis Jones, Terry Miller, Marilyn Rubin, Debbie Roth, Jeff James, Robyn Finch, David Saltzman, Savi Kakani, David Phillips, Thomas Meeker, Pete May, Steven Bristol, Ken Orr, Eric Rodgers, Evelyn Connor, Robert Taylor, Carla Wiborn, Kay Lane Steven McClain, Richard Johns, Judy England, Sal Ahmed, Harold White, Martin Frey, Mary Cooke, Ray Embry, Leonard Hoffman, Rod Osbourne, Rhonda Barr, Michael Sponsler, Barbara Bock, R Bouck, Dennis Straub, Patricia Caruso, Julie Pfaff, Deborah Douglas Jill Eberly, Angela Cross, Lynne Adams, and William Stiverson. With the exception of the unserved Defendants Phillips, Osbourne, and Stiverson, the remaining Defendants filed a Motion to Dismiss on March 17, 2005 and Plaintiff filed

a Response to the same on March 24, 2005. On April 7, 2005 Plaintiff filed a Motion to Voluntarily Dismiss Defendants Bristol, Lane, Embry, Hoffman, Barr, Sponsler, Douglas, Eberly, Cross, Adams, and Stiverson. The case has been referred to the undersigned for all pretrial proceedings.

In his complaint, Plaintiff alleges that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Among other things, Plaintiff contends that Defendants violated his right to practice his religion, his right to petition officials for redress of grievances, and his right to access the courts. Plaintiff also contends that Defendants have forced him to work in extreme heat, have harassed and demeaned him, and have denied him basic health care. Plaintiff seeks declaratory, injunctive and monetary relief.

Defendants assert that Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act. Plaintiff asserts, however, that his attempts to exhaust his administrative remedies "were not 'meaningful' because no administrative grievance process exists that addresses felonious conduct by custodians, like the defendants'. This subjugates the requirements for exhaustion." (Plaintiff's Response to Defendants' Motion to Dismiss)(internal citations omitted).

**STANDARD OF REVIEW**

When considering a Rule 12(b)(6) motion to dismiss, the trial court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

**EXHAUSTION OF REMEDIES**

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998), *cert. denied*, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners file a grievance against the person(s) they ultimately seek to sue, *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. *Gibbs v. Bolden*, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

Generally, a prisoner will exhaust administrative remedies by filing grievances pursuant to MDOC policy. For example, a prisoner may grieve alleged violations of policy and procedure, unsatisfactory conditions of confinement, official acts, or denial of rights which directly affect [Prisoners] (MDOC Policy Directive 03.02.130, PB). The grievance system is comprised of three steps. If the grievant is dissatisfied with the step I response, he/she may appeal to step II. If the prisoner is still dissatisfied with the step II response, he/she may file a step III appeal with the Director of the MDOC. A Plaintiff must pursue all levels of the administrative procedure, even when prison officials fail to respond or respond in an untimely manner. *Grabinski v. Gundy*, 1999 U.S. Dist. LEXIS 4820

2:04-cv-74015-GER-MKM   Doc # 38   Filed 04/13/05   Pg 4 of 5   Pg ID 243

(W.D. Mich. 1999)(citations omitted).

Here, the Court sifted through, no less than four times, the 110 pages of documents submitted by Plaintiff and determined that Plaintiff filed eighteen grievances none of which appear to have been exhausted at all three steps. In fact, Plaintiff failed to attach a Step III grievance response for any one of the eighteen filed grievances. Many of the unexhausted grievances raise allegations wholly unrelated to those allegations contained in Plaintiff's complaint or complain of acts carried out by individuals not named in this lawsuit. In light of Plaintiff's grievance practice, the Court finds it impossible to believe Plaintiff's assertions that MDOC does not have a grievance process in place of which he may avail himself. Therefore, the Court concludes that Plaintiff has failed to exhaust his available administrative remedies as required under the PLRA.

Accordingly, Defendants' Motion to Dismiss for failure to exhaust administrative remedies should be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(6).

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 13, 2005                    s/Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Joshua Copenhaver and Diane M. Smith on this date.

Dated: April 13, 2005                    s/Lisa C. Bartlett
                                         Courtroom Deputy