UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA ANDREW COPENHAVER,

                       Plaintiff,                  No. 04-CV-74015-DT

vs.                                                Hon. Gerald E. Rosen

TRAVIS JONES, et al.,

                       Defendants.
_____/

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT

                 At a session of said Court, held in the
                 U.S. Courthouse, Detroit, Michigan
                 on       June 14, 2005

                 PRESENT:  Honorable Gerald E. Rosen
                                 United States District Judge

      This Section 1983 prisoner civil rights matter having come before the Court on the April 13, 2005 Report and Recommendation of United States Magistrate Mona K. Majzoub recommending that the Court grant Defendants' motion to dismiss for failure to exhaust administrative remedies and deny as moot Plaintiff's motion to dismiss certain defendants; and Plaintiff having timely filed objections to the Magistrate Judge's Report and Recommendation; and the Court having reviewed the Magistrate Judge's Report and Recommendation, Plaintiff's Objections, and the Court's entire file of this action, and having concluded that, for the reasons stated in the Report and Recommendation, Defendant's motion should be granted and this case should, accordingly be dismissed in its entirety, for

failure to exhaust administrative remedies;[1] and the Court being otherwise fully advised in the premises,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation of April 13, 2005 be, and hereby is, adopted by this Court.

IT IS FURTHER ORDERED that, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Defendant's Motion to Dismiss be, and hereby is, GRANTED and Plaintiff's Motion to Dismiss Certain Defendants is denied as moot. Accordingly, Plaintiff's Complaint is DISMISSED in its entirety. Based on the foregoing, this Court certifies that any appeal by Plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a).

>           s/Gerald E. Rosen
>           Gerald E. Rosen
>           United States District Judge

Dated: June 14, 2005

---

[1] Although Plaintiff states in his Objections that he submitted to the Court responses to 10 Step-III administrative grievances after Defendants filed their motion to dismiss, this tardy attempt to demonstrate exhaustion does not satisfy the requirements of the PLRA. The Sixth Circuit requires that an inmate attach copies of his filed grievances to his complaint when he files it as proof of exhaustion. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998). Failure to do so justifies dismissal of the plaintiff's complaint. *See Curry v. Scott*, 249 F.3d 493 (6th Cir.2001) (affirming dismissal of prisoner-plaintiff's claims for failure to attach proof of exhaustion to his complaint, even though it appeared that the prisoner had in fact exhausted his administrative remedies). As the Sixth Circuit held in *Larkins v. Wilkinson,* 172 F.3d 48, 1998 WL 898870 (6th Cir.1998), a plaintiff's tardy attempt to demonstrate exhaustion of his available administrative remedies only after filing suit in federal court ignores the clear mandate of § 1997e(a) which requires exhaustion of available administrative remedies prior to filing suit in federal court.

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 14, 2005, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager